# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELVIS JONES,<br><br>  Plaintiff,<br><br>v.<br><br>KROLL et al.,<br><br>  Defendants. | Case No.: 16-cv-2370 LAB (JLB)<br><br>**REPORT AND RECOMMENDATION GRANTING DEFENDANTS' MOTION TO DISMISS CLAIMS AGAINST DEFENDANT KRALL**<br><br>[ECF No. 7] |

Plaintiff Elvis Jones, a state prisoner proceeding *pro se* and *in forma pauperis*, filed a complaint in this Court on September 19, 2016, alleging civil rights violations pursuant to 42 U.S.C. § 1983 against Defendants Dr. T. Krall (erroneously sued as "Dr. Kroll") and Dr. C. Daub (erroneously sued as "Dr. Daubs"). (ECF No. 1.) Plaintiff's complaint alleges that Dr. Krall and Dr. Daub violated his Eighth Amendment right to be free from cruel and unusual punishment when they failed to protect him from an attack by another inmate while housed at the Richard J. Donovan Correctional Facility. (*Id.*)

Presently before the Court is Defendants' motion to dismiss the claims alleged in Plaintiff's complaint against Defendant Krall. (ECF No. 7.) In response to Defendants' motion, Plaintiff has filed a statement of non-opposition titled, "Agreement to dismiss Dr. Kroll as defendant from Complaint."[1] (ECF No. 11.)

---

[1] The Court notes that Plaintiff's statement filed in response to Defendants' motion to dismiss agrees to dismiss Plaintiff's claims against Defendant Krall only. Defendants have not moved to dismiss the claims asserted against Defendant Daub (*see* ECF No. 7), and Plaintiff's statement of non-opposition asserts that he intends for Defendant Daub to remain a defendant in this case (*see* ECF No. 11).

1

The Court submits this Report and Recommendation to United States District Judge Larry A. Burns pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 72.1 of the Local Rules of Practice for the United States District Court for the Southern District of California. After a thorough review of Plaintiff's complaint, Defendants' motion to dismiss, and Plaintiff's response thereto, and for the reasons set forth below, the Court **RECOMMENDS** that Defendants' motion to dismiss (ECF No. 7) be **GRANTED**.

Plaintiff's complaint alleges that Defendants Krall and Daub violated Plaintiff's Eighth Amendment right when they failed to protect him from an attack by another inmate. Specifically, Plaintiff alleges that Defendants allowed an inmate gang member and enemy of Plaintiff's, inmate Pride, into the mental health program from which Plaintiff was receiving treatment. (ECF No. 1 at 5–7.) As a result, Plaintiff alleges, Plaintiff was attacked by another inmate on the orders of inmate Pride. (*Id.* at 4, 7.) Plaintiff sustained a broken jaw as a result of the attack. (*Id.* at 4–5.)

A prison official violates an inmate's Eighth Amendment right to be free from cruel and unusual punishment when he acts with deliberate indifference to a substantial risk of serious harm to the inmate. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). The deliberate indifference standard involves both an objective and subjective prong. *Id.* at 834. Under the objective prong, the alleged deprivation suffered as a result of the official's act or omission to act must have been "sufficiently serious." *Id.* Under the subjective standard, the prison official must have had a "sufficiently culpable state of mind," which, in the context of prisoner § 1983 cases, is one of deliberate indifference. *Id.* (quoting *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)). To act with deliberate indifference, a prison official must know of and disregard an excessive risk to an inmate's health or safety. *Id.* at 837. That is, the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and draw the inference. *Id.*

Liability under § 1983 arises only upon a showing of personal participation by the defendant. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Within the context of § 1983, a person subjects another to the deprivation of a constitutional right only "if he

does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Preschooler II v. Clark Cty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)).

Here, Defendants argue that Plaintiff's claims against Dr. Krall should be dismissed because "the Complaint contains virtually no details about Defendant Krall's alleged involvement or culpability." (ECF No. 7-1 at 4.) "The only allegations about Defendant Krall," Defendants argue, "are that Krall is a psychologist, and that Krall met with inmate Pride one time about the EOP program." (*Id.*)

The Court agrees with Defendants that Plaintiff's complaint fails to allege sufficient facts both that Defendant Krall personally participated in actions resulting in the complained of deprivation and that Defendant Krall was deliberately indifferent to a substantial risk of harm to Plaintiff. Plaintiff's complaint makes only two mentions of Defendant Krall: that Dr. Krall is a psychiatrist or psychologist and that he had met with inmate Pride concerning inmate Pride's need of mental health services. (ECF No. 1 at 2, 5.) The complaint does not allege that Dr. Krall was in any way involved in allowing inmate Pride into the same mental health program from which Plaintiff was receiving treatment or that he did so with knowledge that inmate Pride posed an excessive risk of harm to Plaintiff. Thus, in light of both Plaintiff's failure to allege that Defendant Krall personally participated in the events that Plaintiff complains violated his Eighth Amendment right, *see Taylor*, 880 F.2d at 1045, and Plaintiff's statement agreeing to dismiss his claims against Defendant Krall (ECF No. 11), the Court recommends that Defendants' motion to dismiss (ECF No. 7) be **GRANTED**.

Accordingly, **IT IS HEREBY RECOMMENDED** that the District Court issue an Order: (1) Accepting this Report and Recommendation; (2) **GRANTING** Defendants' motion to dismiss the claims in Plaintiff's complaint against Defendant Krall (ECF No. 7); and (3) **DISMISSING without prejudice** Plaintiff's remaining claims against Defendant Krall.

1     **IT IS ORDERED** that no later than May 2, 2017, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

    **IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than May 9, 2017. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *See Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991).

Dated: April 17, 2017

*[signature]*

Hon. Jill L. Burkhardt
United States Magistrate Judge